IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA L. HAMMOND,<br><br>                    Plaintiff,<br><br>          vs.<br><br>WAL-MART STORES, INC.,<br><br>                    Defendant.<br>_____ / | CASE NO. CV F 10-1788 LJO DLB<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND FAILURE TO STATE CLAIM; MOTION TO TRANSFER VENUE** (Doc. 17) |

### INTRODUCTION

Defendant Wal-Mart Stores, Inc. ("Walmart") moves to dismiss plaintiff Teresa L. Hammond's ("Ms. Hammond's") complaint for failure to state a claim and for improper venue. In the alternative, Walmart moves to transfer venue. While this motion was pending, Ms. Hammond filed an amended complaint. In opposition to the motion, Ms. Hammond argues that her amended complaint addresses Walmart's failure to state a claim and venue issues, rendering that portion of Walmart's motion to dismiss moot. Ms. Hammond further contends that venue is proper under the general venue statute, 28 U.S.C. §1391. In response, Walmart argues that Ms. Hammond amended her complaint to avoid dismissal and urges this Court to transfer venue. Because Ms. Hammond filed an amended complaint, this Court DENIES Walmart's motion to dismiss certain causes of action as moot. Considering the motion to dismiss as applicable to the amended complaint, the Court GRANTS Walmart's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), but DENIES Walmart's motion to dismiss based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3). After weighing the appropriate factors, however, this Court GRANTS Walmart's motion to transfer venue.

# BACKGROUND[1]

## Factual Background

Ms. Hammond was an employee of Walmart in Washington County, Utah. In her original complaint, Ms. Hammond alleged that Walmart interfered with her rights under the Family and Medical Leave Act ("FMLA"), 26 U.S.C. §2615, retaliated against her for exercising her FMLA rights, and discriminated against her for an alleged disability injury under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §12102, as amended. Ms. Hammond asserted the following causes of action:

1.  Violation of FMLA–Interference;
2.  Violation of FMLA–Retaliation;
3.  Violation of ADA;
4.  Failure to Meaningfully Engage in the Interactive Process (ADA); and
5.  Special Damages.

Ms. Hammond's claims are based on the following facts, taken from the complaint and accepted as true:

Ms. Hammond worked for Walmart in Washington County, Utah for twelve years. Ms. Hammond suffered several injuries and health issues (some of which qualified for protection under the FMLA) during her decade long employment. In 2009, Ms. Hammond went on medical leave under the FMLA to undergo a surgery and treatment. When she returned from her FMLA leave, Ms. Hammond approached the store's management and asked to step down voluntarily as manager to improve her health by reducing the amount of stress she experienced at work. While discussing reassignment, she make a joking remark that "No matter where I end up, I'll probably get hurt," referring to her several injuries and health issues over the years. An assistant manager responded to Ms. Hammond that she might want to quit her job if she was worried about getting hurt. Later, Walmart used this remark and her approved FLMA absences as an excuse to terminate her employment.

Within days of her return to work from her approved medical leave, Walmart assessed Ms. Hammond's work in a personnel evaluation. Although Ms. Hammond was assessed to meet expectations in all areas, Walmart made specific reference in her evaluation to her use of leave for her

---

[1] The factual allegations are taken from the complaint and are accepted as true in a Fed. R. Civ. P. 12(b)(6) motion. *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

FMLA qualifying conditions in regards to her attendance. Walmart considered her absences an area that needed improvement.

Having not exhausted fully her FMLA leave, Ms. Hammond informed Walmart's personnel manager of her need for continued intermittent FMLA leave. Ms. Hammond was instructed to provide additional FMLA paperwork to support the request, but provided Ms. Hammond with no further FMLA notices. Within three weeks of making the request for continuing FMLA leave on an intermittent basis, Walmart terminated Ms. Hammond.

One week prior to her termination, Ms. Hammond suffered a knee injury while operating a forklift at Walmart. She immediately went to Walmart's off-site doctor, but that doctor could not complete a medical evaluation because Ms. Hammond was in too much pain. Nevertheless, the doctor placed Ms. Hammond on restricted work activity and referred her to an orthopedist. Ms. Hammond was ultimately diagnosed with a torn meniscus in her knee which required surgery and rehabilitation.

Ms. Hammond was told by other employees that Walmart planned to terminate her employment because she was not authorized to operate the forklift. Management acknowledged that Ms. Hammond's forklift certification was in good standing, yet terminated her anyway.

A few weeks after her termination, Walmart finally approved Ms. Hammond to have an MRI, which revealed the torn meniscus. She was unable to work for several months after the operation and rehabilitation on her knee. She was financially unable to continue her COBRA benefits, and suffered serious medical expenses. She was unable to find interim employment and has become financially destitute. To avoid homelessness, she moved to Oakdale, California to live with a family friend.

**Walmart's Motion**

On March 21, 2011, Walmart moved to dismiss Ms. Hammond's complaint on two grounds.

First, Walmart moved to dismiss Ms. Hammond's fourth cause of action (failure to meaningfully engage) and fifth cause of action (special damages) for failure to state a claim. Walmart argues that neither of these causes of action are cognizable, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Second, Walmart moved to dismiss Ms. Hammond's complaint pursuant to Fed. R. Civ. P. 12(b)(3), 28 U.S.C. §1406(a), 42 U.S.C. §12117(a), and 42 U.S.C. §2000e-5(f)(3). Walmart argues that

under the ADA's "special venue rule," Ms. Hammond's action must be brought in either the: (1) judicial district in the State in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. §2000e-5(f)(3). Because Ms. Hammond worked at a Walmart in Washington County, Utah, the business records are held there, and Ms. Hammond would have continued to work in Utah, Walmart concludes that venue is improper.

In the alternative to dismissal, Walmart moved to transfer venue to the United States District Court, District of Utah. Walmart argues the convenience of the parties, witnesses, and location of documentary and other proof merit a transfer of this action.

**Amended Complaint and Opposition**

Ms. Hammond filed an amended complaint on April 11, 2011. In her amended complaint, Ms. Hammond no longer alleges a violation of ADA. Ms. Hammond restrict her claims to the following:

1.  Violation of FMLA–Interference;

2.  Violation of FMLA–Retaliation; and

3.  Special Damages.

In her special damages cause of action, Ms. Hammond alleges that she suffered "loss of wages and benefits as a result of Wal-Mart's actions, and as such, is entitled to prejudgement interest on those losses." Amended Compl.,¶ 69. Ms. Hammond further alleges that she "incurred medical expenses and further loss as a result of Wal-Mart's actions, as to which she is entitled to reimbursement, plus accrued interest." *Id*., ¶ 70.

In addition to filing an amended complaint, Ms. Hammond opposed the pending motion to dismiss. Ms. Hammond argues that because her amended complaint asserts no ADA causes of action, Walmart's motion to dismiss is moot. In addition, Ms. Hammond argues that venue is proper pursuant to the default venue statute, 28 U.S.C. §1391(b)(1). Ms. Hammond argues against transfer of venue, pointing out that the Court should consider her choice of venue as plaintiff. Ms. Hammond further claims a severe financial hardship if she were required to litigate her claims in Utah.

///

## DISCUSSION

### Motion to Dismiss–ADA Claim

Walmart's motion to dismiss the fourth cause of action in Ms. Hammond's original complaint is moot.  Ms. Hammond's fourth cause of action asserted a claim against Walmart for "Failure to Meaningfully Engage in the Interactive Process" pursuant to the ADA.  Ms. Hammond's amended complaint asserts no such violation.  "An amended pleading supercedes the original, the latter being treated thereafter as nonexistent." *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956); *see also*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991).  Because Ms. Hammond no longer asserts an ADA claim against Walmart in her amended complaint, no "case or controversy" exists on this issue.  Accordingly, Walmart's motion to dismiss this cause of action is denied as moot.

### Motion to Dismiss–Special Damages Claim

Similarly, because the amended complaint superceded the original complaint, Walmart's motion to dismiss Ms. Hammond's fifth cause of action for "special damages" is also dismissed as moot.  In her opposition, however, Ms. Hammond presumes that the motion applies to the special damages cause of action included in her amended complaint.  Ms. Hammond opposes the motion to dismiss the special damages cause of action of the amended complaint, arguing that she included special damages as a separate cause of action to be give Walmart notice as to her special damages claim of relief.  For the sake of judicial efficiency, and because Ms. Hammond has an opportunity to respond to a motion to dismiss this cause of action in her amended complaint, this Court shall consider this as a motion to dismiss the special damages claim of the amended complaint.

Walmart moves to dismiss the special damages cause of action pursuant to Fed. R. Civ. P. 12(b)(6).  A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint.   A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir.

2008). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Walmart argues that the "special damages" cause of action must be dismissed because it fails to state a claim. Walmart contends that special damages are an element of other causes of action, not a distinct cause of action. Walmart concludes that because no special damages cause of action exists, it must be dismissed as a matter of law.

Ms. Hammond concedes that special damages is not a separate cause of action. Ms. Hammond explains that she included these allegations as a separate cause of action to comply with Fed. R. Civ. P. 9(g), "out of an abundance of caution," and to give Walmart notice of the basis and type of special damages she claims. Ms. Hammond requests that, to "the extent such a detailed pleading is not required," she be granted leave to amend her amended complaint to incorporate the special damages allegations into either her FMLA cause of action or claim for relief.

Because Ms. Hammond's "special damages" cause of action fails to plead a cognizable legal theory, dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(6). *See, Balisteri*, 901 F.2d at 699. Accordingly, Walmart's motion to dismiss this cause of action is GRANTED, and Ms. Hammond's third cause of action is dismissed. The Court grants Ms. Hammond's request to amend her amended complaint, pursuant to Fed. R. Civ. P. 15, to include these allegations elsewhere into her pleading.

**Motion to Dismiss–Improper Venue**

Walmart moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3), based on improper venue. Walmart's original arguments to dismiss relied on the special venue statute applicable to ADA claims. As Ms. Hammond points out, the ADA venue statue no longer applies to this action, since she no longer asserts ADA claims. Ms. Hammond correctly notes the general venue statute, 28 U.S.C. §

1391, applies to this action. This Court considers whether venue is proper under the allegations of the amended complaint.

Fed. R. Civ. P. 12(b)(3) empowers a challenge to a complaint for improper venue. In deciding a Fed. R. Civ. P. 12(b)(3) motion, federal courts generally give considerable deference to the plaintiff's choice of forum. *Beckley v Auto Profit Masters, L.L.C.,* 266 F Supp. 2d 1001 (S.D. Iowa 2003). In the context of a Fed. R. Civ. P. 12(b)(3) motion based upon the forum selection clause, a trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of non-moving party. *Murphy v Schneider Nat'l., Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

The applicable venue statute, 28 U.S.C. § 1391, provides in pertinent part:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Because Walmart is a corporation, 28 U.S.C. §1391(c) applies to explain:

> [A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]

Pursuant to these statutes and Ms. Hammond's allegations, venue is proper.

Ms. Hammond alleges that Walmart is a corporation that is registered to do business in California, does business in the Eastern District of California, and is subject to personal jurisdiction in this judicial district. *See*, Amended Compl.,¶ 3; Amended Comp., ¶5. Based on Walmart's corporate disclosure and Ms. Hammond's allegations, Walmart resides in the Eastern District of California. Accordingly, venue is proper pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(c). Accordingly, Walmart's motion to dismiss based on improper venue is denied.

## Motion to Transfer Venue

Walmart moved to transfer venue pursuant to 28 U.S.C. §1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

action to any other district or division where it might have been brought." Pursuant to this statute, this Court "has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation and quotations omitted).

Walmart moves to transfer venue of this action to the District of Utah. The first analytical step is to determine whether the action could have been brought originally in the district court to which transfer is sought. Subject matter jurisdiction over Ms. Hammond's FMLA claims would have been proper in the District of Utah pursuant to 28 U.S.C. §1331. Moreover, under the general venue statute, 28 U.S.C. § 1391, venue would be proper in the District of Utah, both because Walmart "resides" in the district for venue purposes and because "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Utah. Walmart concedes that personal jurisdiction would have been proper in the District of Utah. Ms. Hammond apparently concedes that this action could have been brought originally in the District of Utah, as she leaves this issue unaddressed.

Having determined that this action could have been brought in the District of Utah, the Court weighs multiple factors to determine whether to transfer venue, including:

(1)  the plaintiff's choice of forum;
(2)  the location of where the underlying facts took place;
(3)  the state that is most familiar with the governing law;
(4)  the ease of access to sources of proof;
(5)  availability of compulsory process to compel attendance of unwilling non-party witnesses;
(6)  the contacts relating to the plaintiff's cause of action in the chosen forum;
(6)  the differences in the costs of litigation in the two forums;
(7)  the respective parties' contacts with the forum;
(8)  local interest in the controversy; and
(9)  the relative court congestion and time of trial in each forum.

*Id.; Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 30-31 (1988); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The Court shall consider each factor below.

**Plaintiff's Choice of Forum**

Ms. Hammond chose the Eastern District of California as the forum in which to litigate this action. That choice is entitled to deference. "Unless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or should rarely, be disturbed on a motion to transfer." *E & J Gallo Winery v. F & P S.p.A.* 899 F. Supp. 465, 466 (E.D. Cal. 1994); *Decker Coal*, 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). This factor strongly favors against transfer of venue, particularly because Ms. Hammond has chosen the forum in which she resides. Accordingly, this factor strongly favors a denial of Walmart's motion to transfer venue.

**Location of Where the Underlying Facts Took Place**

The underlying facts took place entirely within the District of Utah. Ms. Hammond's employment spanned over a decade in Washington County, Utah. Ms. Hammond received medical treatment in Utah, and the alleged adverse employment actions took place in Utah. None of the underlying facts that form the basis of Ms. Hammond's claims took place in the Eastern District of California. This factors strongly favors transfer of venue to the District of Utah.

**State Most Familiar With Governing Law**

Ms. Hammond's action is rooted in federal law. No state law claims are asserted in this action. Ms. Hammond asserts claims against Walmart pursuant to FMLA, 26 U.S.C. §2615. Both federal judicial districts are equally familiar with an action based on federal law. As such, this factor is neutral as to transfer.

**Ease of Access to Sources of Proof**

The pertinent documents relating to Ms. Hammond's employment are located in Utah. Documents in Utah include those related to her employment, such as her employment records, personnel file, personnel evaluations, medical leave requests, FMLA approvals, and documentation related to her termination. Walmart would suffer a small hardship to transfer these documents to the Eastern District of California. Walmart would suffer a greater hardship, however, in accessing the voluminous medical files kept by the several medical care providers that treated Ms. Hammond for her throat surgery, knee surgery, physical therapy, X-rays, MRI, rehabilitation, emergency room visits, and other medical needs.

As discussed more fully below, the access to those sources of proof would be easier in the District of Utah. Accordingly, this factor weighs in favor of transfer.

**Availability of Compulsory Process to Compel Attendance of Unwilling Witnesses**

Ms. Hammond's complaint identifies over a dozen third-party witnesses to her claims, including co-workers, former managers, and medical care providers. This Court's subpoena power would be unavailable to compel the attendance of these third-party witnesses should they refuse to travel to the Eastern District California in Fresno to testify at trial or deposition. For non-party witnesses, this Court's subpoena power extends to anywhere within the Eastern District of California and one hundred miles from the place of trial, which would be located in Fresno. *See*, Fed. R. Civ. P. 45(b)(2). Because the non-party witnesses are located outside of the Eastern District of California and beyond 100 miles from Fresno–to wit, in Washington County, Utah–this Court would be unable to compel attendance of unwilling witnesses.[2] In contrast, these non-party witnesses could be compelled to attend their depositions and produce records in the District of Utah. Accordingly, this factor strongly factors transfer.

**Contacts Relating to Plaintiff's Cause of Action in the Chosen Forum**

As set forth more fully above, there are no contacts relating to Ms. Hammond's cause of action in the Eastern District of California. All of the underlying facts, witnesses, and records are located in the District of Utah. Accordingly, this factor strongly favors transfer.

**Differences in the Costs of Litigation in the Two Forums**

Walmart contends that it would be more costly for it to litigate this matter in California, as it would be required to pay for the travel of several of the key witnesses, who would be required to travel form Utah to California to testify (assuming they still work for Walmart). Ms. Hammond contends that the shift to Utah would be devastating to her. This contention, however, does not appear to relate to her costs of litigation. This Court granted Ms. Hammond's application to proceed *in forma pauperis*. Ms. Hammond's attorneys are located in Utah. She declared that she retained an attorney in Utah before she moved to California; however, a new Utah attorney was added to this litigation, and admitted to this

---

[2] The Court takes judicial notice pursuant to Fed. R. E. 201 that Washington County, Utah is outside of the Eastern District of California and further than 100 miles away from Fresno.

Court pro hac vice, less than one week ago. Under these facts, Walmart's costs to litigate this action in California appear greater than Ms. Hammond's costs to litigate the action in Utah. Accordingly, this factor weighs in favor of transfer.

### Convenience of the Parties

Ms. Hammond contends that this Court may consider the relative means of the parties in determining where a case should proceed on a motion to transfer venue. Specifically, Ms. Hammond asks the Court to consider the parties' relative ability to afford the expenses of litigation in each forum. As to this factor, Ms. Hammond submits that she is financially destitute. She has no job and no source of income. It would be difficult for her to travel to Utah for discovery and trial. In contrast, Walmart is a nationwide corporation with ample resources to litigate in a distant court. Walmart points out its inconvenience in litigating this action in a distant court.

Both parties establish inconvenience. Because of Ms. Hammond's financial situation and current residence in this district, it would be more convenient for her to stay in this district to litigate this action through trial. Because the evidence and witnesses are located in Utah, it would be more convenient to Walmart for this action to be transferred. Because both parties experience inconvenience, this Court cannot find this factor to favor one party over the other. Accordingly, this factor is neutral as to transfer.

### Respective Parties' Contacts with the Forum

Both parties have contacts in the Eastern District of California. Ms. Hammond resides in this forum, and Walmart does business in this forum. This factor weighs against transfer.

### Local Interest in the Controversy

While this Court has a strong interest in administering justice in all cases, the Eastern District of California has no particularized, local interest in this controversy. The particular facts arise between an employer and employee in a business located in Utah, with management practices and medical service in Utah. The District of Utah would have a greater interest in the protection of its citizens' FMLA rights. Accordingly, this factor favors transfer.

### Relative Court Congestion

All federal courts are in need of resources. The Eastern District of California, however, has the unique distinction of having the heaviest caseload burden of all federal districts in the Country.

Specifically, the Eastern District of California has the highest weighted filings per judgeship in the country. *Responding to the Growing Need for Federal Judgeships: The Federal Judgeship Act of 2009 Before the S. Comm. On the Judiciary*, 111th Cong. (2009) (statement on the Honorable Lawrence J. O'Neill, United States District Judge). Despite internal efforts to alleviate the caseload by the Chief Judge of the Ninth Circuit Court of Appeals and the Chief Judge of the Eastern District of California, the Eastern District of California continues to be overly-burdened by its crushing caseload. *See, Justice Kennedy Joins Call for New Judgeships For Eastern California Court*, United States Courts for the Ninth Circuit Public Information Office (Aug. 30, 2010);[3] *see also*, *Eastern District of California Swamped by Prisoner Lawsuits*, United States Courts, The Third Branch (July 2010);[4] *Senator Feinstein Introduces Measure to Create a Temporary Federal Judgeship for the Eastern District*, Office of United States Senator Dianne Feinstein (January 9, 2009).[5] Based on the singular circumstances of this district, this factor weighs in favor of transfer.

## Conclusion

A plaintiffs' choice of forum is afforded deference and strongly favors denial of a motion to transfer venue. As set forth above, there must a strong showing to warrant a transfer of venue outside of the plaintiff's choice. *Decker Coal*, 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). Here, defendants have made such a showing. While plaintiff has chosen the Eastern District of California and both defendants reside in this district, the balance of factors overwhelmingly tips in favor of transfer of this action to the District of Utah. The sources of proof, witnesses, and the underlying facts of this action are located in Utah. This Court has no subpoena power over non-party witnesses in this action and no contacts with the underlying action are in this district. The burdens of litigating this action in an admittedly "distant court"

---

[3] This press release is available at http://www.caed.uscourts.gov/caed/DOCUMENTS/News/Justice_Kennedy_CAE_Remarks.pdf.

[4] http://www.uscourts.gov/news/TheThirdBranch/10-07-01/Eastern_District_of_California_Swamped_by_Prisoner_Lawsuits.aspx

[5] http://feinstein.senate.gov/public/index.cfm?FuseAction=NewsRoom.PressReleases&ContentRecord_id=bc697310-9256-0bb6-574c-281d1c3736f5&Region_id=&Issue_id=.

would be great.  Moreover, the District of Utah has a local interest in this action.  Finally, the distinct burden of this Court's caseload favors transfer.  For these reasons, this Court grants Walmart's motion to transfer, pursuant to 28 U.S.C. §1404.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1. DENIES Walmart's motion to dismiss Ms. Hammond's ADA claims as moot;
2. DENIES Walmart's motion to dismiss based on improper venue;
3. GRANTS Walmart's motion to dismiss Ms. Hammond's special damages claim; and
4. GRANTS Ms. Hammond leave to amend her amended complaint;
5. GRANTS Walmart's motion to transfer venue; and
6. DIRECTS the clerk of this court to TRANSFER this action to the District of Utah.

IT IS SO ORDERED.

**Dated:   April 29, 2011**                    /s/ Lawrence J. O'Neill
                                                                   UNITED STATES DISTRICT JUDGE